# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### CLARKSBURG DIVISION

|  |  |  |  |
|---|---|---|---|
| THE OHIO VALLEY COAL COMPANY,<br>56854 Pleasant Ridge Road<br>Alledonia, OH 43902 | : | | ELECTRONICALLY<br>FILED<br>**Dec 13 2017**<br>U.S. DISTRICT COURT<br>Northern District of WV |
| | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No. _1:17-CV-213 (Keeley)_ | |
| | : | | |
| v. | : | | |
| | : | | |
| UNITED MINE WORKERS OF AMERICA,<br>INTERNATIONAL UNION<br>18354 Quantico Gateway Drive<br>Triangle, Virginia 22172 | : | | |
| and | : | | |
| UNITED MINE WORKERS OF<br>AMERICA, District 31,<br>310 Gaston Avenue<br>Fairmont, WV 26554 | : | | |
| Defendants. | : | | |

## COMPLAINT TO VACATE ARBITRATION AWARD

Pursuant to Rule 7 of the Federal Rules of Civil Procedure and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, Plaintiff, The Ohio Valley Coal Company ("Ohio Valley Coal" or "Company"), former operator of the Powhatan No. 6 Mine, by and through its undersigned counsel, hereby moves this Court to vacate Arbitrator Mollie H. Bowers' Decision and Award ("Award") in the matter of <u>Ohio Valley Coal Company Powhatan No. 6 Mine v. United Mine Workers of America District 31, Local Union 1810</u>, Case No. 16-31-17-021.  As grounds for this Complaint, Ohio Valley Coal states as follows:

**Parties**

1.      Plaintiff Ohio Valley Coal is an Ohio Corporation with its headquarters located at 46226 National Road, St. Clairsville, OH 43950.

2.      Defendant International Union, United Mine Workers of America ("International Union") is a labor union within the meaning of 29 U.S.C. § 152(5) that represents the Company's classified employees pursuant to the 2016 National Bituminous Coal Wage Agreement ("2016 NBCWA").

3.      Defendant United Mine Workers of America, District 31 ("District 31") is an administrative division of a labor union within the meaning of 29 U.S.C. § 152(5) which administers representation of the Company's employees for the International Union.   The International Union and its District 31 are referred to, collectively, as "UMWA" or "Union."

**Jurisdiction and Venue**

4.      Jurisdiction of this Court is based on Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c), and 28 U.S.C. § 1331.

5.      Defendant International Union and its District 31 reside in and/or regularly do business within the jurisdiction of this Court.  Venue is proper in this District pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and 28 U.S.C. § 1391.

**Facts**

6.      The Powhatan No. 6 Mine was a large underground coal mine located near Alledonia, Ohio in Belmont County, Ohio.  The  Powhatan No. 6 Mine was in operation from 1972 until its coal reserves were exhausted and production permanently ceased on October 16, 2016.

7.     While in operation, the terms and conditions of employment for the Union-represented employees who worked at the Powhatan No. 6 Mine were set forth in the 2016 National Bituminous Coal Wage Agreement ("2016 NBCWA").

8.     Following Ohio Valley Coal's closure and sealing of Powhatan No. 6 Mine, a dispute arose regarding work jurisdiction over the repair and maintenance of heavy equipment being used to maintain and increase the size of a water impoundment located on the property formerly associated with the Powhatan No. 6 Mine, which impoundment continues to be used to contain waste water from an adjacent, non-union mine.

9.     Despite the fact that the Powhatan No. 6 Mine was no longer in production, the Union subsequently grieved the issue, stating that work being performed on this equipment belongs to classified employees covered by the 2016 NBCWA because Ohio Valley Coal has continued to use the equipment to maintain and increase the size of the water impoundment at the former Powhatan No. 6 Mine property.

10.     At the outset of the arbitration hearing held in Wheeling, West Virginia, Ohio Valley Coal raised a threshold challenge to the substantive arbitrability of the Union's grievance based upon the express language of the 2016 NBCWA, which protects the work jurisdiction of classified employees only in relation to the production of coal at a mine in operation.

11.     Arbitrator Bowers agreed to bifurcate the proceedings and to first determine whether the grievance was arbitrable before hearing evidence on the underlying merits of the grievance.  As a result, the presentation of the parties' respective positions was limited to their opening statements.  No evidence was received.

12.     Despite the fact that the Powhatan No. 6 Mine was no longer in operation and no longer producing coal, which the Union conceded, the Union nevertheless claimed that because

waste water was being piped in from an adjacent, non-union mine, work on the heavy equipment used to  maintain and enlarge the waste water impoundment continued to belong to classified employees covered by the 2016 NBCWA.

13.     Despite the Union's failure to identify any language in the contract or past practice or industry custom to support this interpretation of the 2016 NBCWA, the arbitrator accepted the Union's position, holding that Ohio Valley Coal's use of the property surrounding the closed Powhatan No. 6 Mine to support the coal production of an adjacent, non-union mine resulted in the work jurisdiction of the classified employees at issue surviving the cessation of coal production at the Powhatan No. 6 Mine.  A copy of Arbitrator Bowers' Award is attached hereto as Exhibit 1.

14.     Arbitrator Bowers' Award finding that Powhatan No. 6 Mine continues to remain in operation completely disregards the plain language of the 2016 NBCWA, as well as the law of the shop, which provide that once a mine permanently ceases production, it ceases to be in "operation" for purposes of the application of the terms and conditions of the 2016 NBCWA.

15.     Accordingly, Arbitrator Bowers failed to construe or apply the terms of the 2016 NBCWA and, instead, impermissibly dispensed her own brand of industrial justice.  As such, the Award exceeds Arbitrator Bowers' authority, fails to draw its essence from the 2016 NBCWA, is based upon Arbitrator Bowers' personal notions of right and wrong, is arbitrary and capricious, and is unenforceable and of no effect.

16.     As such, Plaintiff Ohio Valley Coal moves to vacate the Award in its entirety for the following reasons:

(a)     The Award exceeds the scope of the Arbitrator's authority and power;

(b)     The Award fails to draw its essence from the collective bargaining agreement;

(c)     The Award is based on the arbitrator's own personal notions of right and wrong;

(d)     The Award is arbitrary and capricious;

(e)     The Award conflicts with public policy interests to the extent that it undermines the expectation of enforcement of a bargained-for collective bargaining agreement.

**WHEREFORE,** Plaintiff, The Ohio Valley Coal Company, respectfully requests that

this Court:

1.     Vacate the Arbitrator's Award, with prejudice; and

2.     Grant such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: /s/ *Michael D. Glass*
Michael D. Glass, Esquire
WV I.D. #1392
One PPG Place, Suite 1900
Pittsburgh, PA  15222
Phone: 412.394.3333
Fax: 412.232.1799

Counsel for Plaintiff

32107539.1